UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

PEARSON EDUCATION, INC. AND
THE MCGRAW-HILL COMPANIES, INC.,

              Plaintiffs,

-against-

CHUCHART SIRAMPUJ D/B/A
BECAUSEYOUREAD D/B/A
BECAUSEYOUREADTEAM D/B/A
WIDTHMOREBOOKS AND
JOHN DOE NOS. 1-5,

              Defendants.

- - - - - - - - - - - - - - - - - x





09 CIV 3876

RECEIVED APR 17 2009 U.S.D.C. S.D.N.Y. CASHIERS

JUDGE BAER

## COMPLAINT

Plaintiffs Pearson Education, Inc. ("Pearson") and The McGraw-Hill Companies, Inc. ("McGraw-Hill"), by their undersigned attorneys, for their complaint against defendants Chuchart Sirampuj d/b/a Becauseyouread d/b/a Becauseyoureadteam d/b/a Widthmorebooks and John Doe Nos. 1 through 5, aver:

<u>Nature of the Action</u>

1. Plaintiffs are bringing this action to enforce their copyrights against defendants' unlawful sale in the United States of non-United States versions of plaintiffs' educational books.

## Jurisdiction and Venue

2. This Court has subject matter jurisdiction over the claim in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it arises under the Copyright Act, 17 U.S.C. § 101 et seq. Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a).

## Parties

3. Pearson is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at One Lake Street, Upper Saddle River, New Jersey 07458.

4. McGraw-Hill is a corporation organized and existing under the laws of the State of New York with its principal place of business at 1221 Avenue of the Americas, New York, New York 10020.

5. Upon information and belief, defendant Chuchart Sirampuj is a natural person currently residing at 61 Broadway, Room 2810, New York, New York 10006.

6. Upon information and belief, defendants John Doe Nos. 1-5 are associates of the named defendant whose identities are presently unknown to plaintiffs.

## The Businesses of Plaintiffs

7. Each plaintiff publishes a variety of works, including educational books.

8. As a standard practice, each plaintiff requires its authors to assign the copyright to it or grant it the exclusive rights of reproduction and distribution in the United States. This practice enables each plaintiff to maximize dissemination of each work.

9. Plaintiffs invest significant monies to publish their copyrighted works. Plaintiffs, for example, make substantial investments in royalties, content creation, licensing, copyediting, proofreading, typesetting, layout, printing, binding, distribution, and promotion.

10. Plaintiffs earn a substantial portion of their revenue from the publication of their copyrighted works and would suffer serious financial injury if their copyrights were not enforced. A substantial decline in their income could cause plaintiffs to cease publishing one or more deserving books or journals. This would adversely impact the creation of new works, scholarly endeavor, and scientific progress.

11. Plaintiffs' educational books authorized for sale in the United States are of the highest quality (the "United States Editions"). These books are generally printed with strong, hard-cover bindings with glossy protective coatings and,

in some cases, contain extra features such as sewn ribbon bookmarks. Plaintiffs frequently offer academic supplements, such as CD-ROMs, computer passwords that provide purchasers with access to academic websites corresponding to the textbooks, and study guides with the United States Editions.

12. Plaintiffs generally create different versions of their educational books that are intended for sale in specific geographic markets outside of the United States (the "Foreign Editions"). The Foreign Editions materially differ from the United States Editions. The Foreign Editions often have thinner paper and different bindings, different cover and jacket designs, fewer internal ink colors, if any, lower quality photographs and graphics, and generally lower prices than the United States Editions. Also, the Foreign Editions often lack academic supplements, such as CD-ROMs, website passwords, or study guides. The Foreign Editions are generally marked to indicate their lower cost by a legend indicating, in substance, that the title is a "Low Price Edition" and/or authorized for sale only in a particular country or geographic region. The Foreign Editions are uniformly manufactured outside of the United States.

<u>Plaintiffs' Copyrights</u>

13. Plaintiffs routinely register their copyrights. Pearson has generally registered its copyrights in its works,

including those identified on Schedule A (the "Pearson Copyrights"). McGraw-Hill has generally registered its copyrights in its works, including those identified on Schedule B (the "McGraw-Hill Copyrights").

### The Infringing Acts of Defendants

14. Defendants have without permission purchased Foreign Editions of plaintiffs' books manufactured outside of the United States and resold them to purchasers in the United States through the Internet using the usernames "becauseyouread," "becauseyoureadteam," and "Widthmorebooks" and the e-mail addresses siliconedevil@ymail.com and becauseyouread@gmail.com at the websites including, but not limited to, eBay.com and Biblio.com.

### CLAIM FOR RELIEF
(Copyright Infringement - 17 U.S.C. § 501)

15. Plaintiffs repeat the averments contained in paragraphs 1 through 14 as if set forth in full.

16. Pearson has received United States Certificates of Copyright Registration for the Pearson Copyrights.

17. McGraw-Hill has received United States Certificates of Copyright Registration for the McGraw-Hill Copyrights.

18. The Pearson and McGraw-Hill Copyrights are valid and enforceable.

19. Defendants have infringed the Pearson and McGraw-Hill Copyrights in violation of 17 U.S.C. § 501.

20. Defendants' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage plaintiffs. Plaintiffs have no adequate remedy at law for these wrongs and injuries. Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, and attorneys and all persons acting in concert with them, from infringing the Pearson and McGraw-Hill Copyrights.

21. Defendants have willfully infringed the Pearson and McGraw-Hill Copyrights.

22. Plaintiffs are entitled to recover all damages sustained as a result of defendants' unlawful conduct including (1) defendants' profits, or (2) plaintiffs' damages, or alternatively (3) statutory damages.

WHEREFORE, plaintiffs demand judgment:

A. Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the Pearson and McGraw-Hill Copyrights in violation of 17 U.S.C. § 501;

B. Awarding plaintiffs their damages or defendants' profits, or alternatively, at plaintiffs' election, statutory

damages, as a result of defendants' willful infringement of the Pearson and McGraw-Hill Copyrights;

      C.   Awarding plaintiffs their costs in this action, including their reasonable attorneys' fees pursuant 17 U.S.C. § 505;

      D.   Granting such other and further relief as to this Court seems just and proper.

Dated:  New York, New York
         April 17, 2009

                              DUNNEGAN LLC

                              By _____
                                William Dunnegan (WD9316)
                                wd@dunnegan.com
                                Laura Scileppi (LS0114)
                                ls@dunnegan.com
                              Attorneys for Plaintiffs
                                Pearson Education, Inc. and
                                The McGraw-Hill Companies, Inc.
                              350 Fifth Avenue
                              New York, New York 10118
                              (212) 332-8300

Schedule A
"Pearson Copyrights"

<u>Title</u> (<u>Date of Registration</u>)   (<u>Registration #</u>)

1. Solid State Electronic Devices, 6e (September 1, 2005) (TX0006221401)

2. Structured Computer Organization, 5e (October 6, 2005) (TX0006256739)

3. Auditing and Assurance Services: An Integrated Approach, 12e (April 13, 2007) (TX0006548957)

4. Automation, Production Systems and Computer-Integrated Manufacturing, 3e (September 21, 2007) (TX0006827985)

5. C++ How to Program, 5e (March 4, 2005) (TX0006118662)

6. Computer Graphics: Using OpenGL, 3e (February 21, 2007) (TX0006522805)

7. Computer Organization and Architecture: Designing for Performance, 7e (September 2, 2005) (TX0006226053)

8. Digital Design, 4e (February 21, 2007) (TX0006539493)

9. Digital Signal Processing, 4e (May 23, 2006) (TX0006347802)

10. Electric Circuits, 8e (June 7, 2007) (TX0006593901)

11. Entrepreneurship: Successfully Launching New Ventures, 2e (March 30, 2007) (TX000676818)

12. Fundamentals of Signals and Systems Using the Web and MATLAB, 3e (October 6, 2006) (TX0006440911)

13. Human Resource Management, 10e (July 27, 2007) (TX0006812176)

14. Introduction to Java Programming, 6e (August 4, 2008) (TX0006862620)

15. Modern Control Systems, 11e (October 22, 2007) (TX0006877323)

16. Operations Research: An Introduction, 8e (June 28, 2006) (TX0006378520)

Schedule B
"McGraw-Hill Copyrights"

<u>Title</u>      (<u>Date of Registration)</u>     (<u>Registration #)</u>

1. Analysis for Financial Management (March 17, 2006) (TX-6-311-950)

2. Case Studies in Finance: Managing for Corporate Value Creation, (June 22, 2006)(TX0006393424)

3. Complex Variables and Applications, (May 5, 2003) (TX0005715943)

4. Analysis for Marketing Planning, September 28, 2004)(TX0005977480)

5. Applied Numerical Methods, (August 5, 2004)(TX0006007139)